UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60033-CIV-HUCK/SIMONTON

LUIS RIVERA,

    Plaintiff,

v.

SCOTTIE M. GLASS & MIRROR, INC.
and SHAHEID MUKADDAM,

    Defendants.
_____/

### ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND GRANTING DEFENDANTS' MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND SETTING HEARING ON PLAINTIFF'S MOTION

Presently pending before the Court are Plaintiff's Motion For Attorney's Fees and Costs (DE # 23) and Defendants' Motion To Compel Plaintiff's Attendance At Deposition and Request For Sanctions For Failure To Attend Deposition In the Absence of A Protective Order and Motion To Extend Time To Respond To Plaintiff's Motion For Attorney's Fees (DE # 25). These motions are referred to the undersigned Magistrate Judge (DE # 28). Defendants' motion has been fully briefed (DE ## 29, 30).

    I. <u>Background</u>

On January 9, 2007, Plaintiff filed a two-count Complaint against Defendants alleging violations of the Fair Labor Standards Act (DE # 1). On March 20, 2007, after a settlement conference, the parties filed an agreed motion to approve settlement which stated, in part, that within 10 days of the Court's Order approving the settlement, Plaintiff would file his motion for attorney's fees and costs (DE # 21). On March 29, 2007, the Court approved the settlement agreement and retained jurisdiction to award Plaintiff attorney's fees and costs (DE # 22).

The instant motions followed.

II. <u>The Instant Motions</u>

In his timely filed motion for attorney's fees and costs, Plaintiff requests $3,900 in attorney's fees, representing 13.1 hours at an hourly rate of $300.00, and $438.28 in costs, for a total award of $4,338.28 (DE # 23).

Defendants did not respond to Plaintiff's motion, but filed a motion to compel Plaintiff to appear for deposition. In this motion, Defendants stated that they had timely noticed Plaintiff to appear for deposition on April 23, 2007, but that Plaintiff did not appear and that Plaintiff's counsel had refused to file a motion for protective order. Defendants asserted that Plaintiff's deposition was necessary to confirm and support the contentions made in Plaintiff's motion for attorney's fees and costs. Defendants ask that: 1) Plaintiff be compelled to appear for deposition; 2) Defendants be awarded, as a Fed.R.Civ.P. 37(d) sanction, the attorney's fees and costs associated with Plaintiff's failure to appear; and 3) the time for Defendants to respond to Plaintiff's motion be extended to 15 days after this Court's Order on Defendants' motion (DE # 25).

Plaintiff opposed Defendants' motion, noting that Plaintiff's counsel only requested 5.8 hours of compensable time from the filing of the case until the mediation, and that the deposition of Plaintiff apparently would go to counsel's activities during those 5.8 hours. Plaintiff, relying on Fed.R.Civ.P. 26(b)(2)(C)(iii), contends that taking his deposition and any other discovery relating to the fees and costs motion defeats the purpose of settling the case and will result in a greater amount of attorney's fees being awarded to Plaintiff for litigating the attorney's fees issue that Plaintiff requested for litigating the merits. Plaintiff also contends that the notices of deposition were facially invalid pursuant to Local Rule 26.1 J., in that they failed to give the required 5 working

day notice, and that, therefore, Plaintiff did not need to file a motion for protective order. Plaintiff asks for an evidentiary hearing if the Court permits Defendants to take discovery (DE # 29).

In reply, Defendants assert that the timing of the deposition notices is irrelevant, as Plaintiff had no intention of appearing for deposition, and because Plaintiff has not cited any authority that prohibits the taking of a deposition regarding a motion for attorney's fees and costs. Defendants also contend that the amount of time which Plaintiff's counsel requests for conferring with his client is questionable (DE # 30).

III. Analysis

Defendants' Motion to compel Plaintiff's attendance at deposition is denied. Defendants have not provided any authority which allows the routine taking of a deposition or other discovery on a motion for attorney's fees and costs after a case has been closed and dismissed. Moreover, Defendants have not provided good cause for the taking of Plaintiff's deposition. However, the undersigned will allow Defendants to take testimony from Plaintiff, if desired, at a hearing on Plaintiff's motion for attorney's fees and costs, to be held on June 12, 2007. The undersigned notes that Plaintiff's counsel would be entitled to a reasonable attorney's fee for all time spent preparing for and appearing at such a hearing.

Defendants' request for sanctions for Plaintiff's failure to attend deposition in the absence of a protective order is denied. Not only were Defendants attempting to take a deposition without leave of court, but Local Rule 26.1 J states that a party seeking to take a deposition within the State must give at least five working day's notice in writing to the deponent, and that failure to comply with this rule obviates the need for a protective order. Defendants noticed the April 18, 2007 deposition on April 12, 2007,

providing only 3 working days notice (Ex. B to DE # 27).  Defendants also noticed the April 23, 2007 deposition on April 18, 2007, providing only 2 working days notice (Ex. E to DE # 27).  Therefore, the deposition notices were clearly invalid and Plaintiff did not need to move for a protective order.

Defendants' Motion for an extension of time to respond to Plaintiff's motion for attorney's fees is granted in part.  Defendants shall file their response on or before May 29, 2007.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion To Compel Plaintiff's Attendance At Deposition and Request For Sanctions For Failure To Attend Deposition In the Absence of A Protective Order (DE # 25), is **DENIED**.  It is further

**ORDERED AND ADJUDGED** that Defendants' Motion To Extend Time To Respond To Plaintiff's Motion For Attorney's Fees (DE # 25) is **GRANTED in part**.  On or before May 29, 2007, Defendant shall file a response to Plaintiff's Motion for Attorney's Fees and Costs.  It is further

**ORDERED** that a hearing on Plaintiff's Motion For Attorney's Fees and Costs (DE # 23) is set for Tuesday, June 12, 2007 at 10:00 a.m., in Courtroom XI, 300 N.E. 1st Avenue, Miami, Florida 33132.  At the hearing, either party may present evidence.  By Tuesday, June 5, 2007, any party wishing to present evidence at the hearing must file a witness list, an exhibit list, and the amount of time requested for adducing evidence.

If either party has a conflict regarding the date of the hearing, that party shall coordinate with the other party to find proposed alternative available dates.  This can be accomplished via a conference call with the Judicial Assistant to the undersigned

Magistrate Judge.  If the parties cannot agree, the party seeking to change the date shall file a motion with the Court.

**DONE AND ORDERED** in chambers in Miami, Florida, on May 18, 2007.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Paul C. Huck,
    United States District Judge
All counsel of record